UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Mark Palmer,<br><br>    Plaintiff,<br>v.<br><br>Century Financial Services, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br>COMPLAINT<br><br>July 15, 2011 |

  For this Complaint, the Plaintiff, Mark Palmer, by undersigned counsel, states as follows:

## JURISDICTION

  1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

  2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

  3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

  4. The Plaintiff, Mark Palmer ("Plaintiff"), is an adult individual residing in Stamford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Century Financial Services, Inc. ("Century"), is a Connecticut business entity with an address of 23 Maiden Lane, North Haven, Connecticut 06473, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Century and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Century at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8.     The Plaintiff incurred a financial obligation in the approximate amount of $58.81 (the "Debt") to Advanced Radiology Consultants (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Century for collection, or Century was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Century Engages in Harassment and Abusive Tactics</u>

12. On June 22, 2011 Defendants sent Plaintiff a 30-Day validation notice.

13. Plaintiff requested that Defendants provide Debt verification by means of a dispute letter, which was received by Defendants on July 5, 2011.

14. Defendants failed to provide such verification and, instead, sent Plaintiff another collection notice.

C. <u>Plaintiff Suffered Actual Damages</u>

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>

<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

19. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the

above-cited provisions.

20. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

23. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

24. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 15, 2011

Respectfully submitted,

By __/s/ Sergei Lemberg__

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff